| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS | |
| Case number *(if known)* _____  Chapter  **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Limetree Bay Refining, LLC** | |
|---|---|---|---|
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **66-0898671** | |
| 4. | Debtor's address | **Principal place of business**  **1 Estate Hope**  **Christiansted, VI 00820**  Number, Street, City, State & ZIP Code  **Saint Croix**  County | **Mailing address, if different from principal place of business**  **11100 Brittmoore Park Drive**  **Houston, TX 77041**  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  **1 Estate Hope Christiansted, VI 00820**  Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **limetreebayenergy.com** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ | |

Debtor **Limetree Bay Refining, LLC**  Case number (*if known*)
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_3241_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District ⎯⎯⎯⎯⎯⎯  When ⎯⎯⎯⎯⎯⎯  Case number ⎯⎯⎯⎯⎯⎯
District ⎯⎯⎯⎯⎯⎯  When ⎯⎯⎯⎯⎯⎯  Case number ⎯⎯⎯⎯⎯⎯

Debtor **Limetree Bay Refining, LLC**  Case number (*if known*)
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Attachment**
District _____ When _____
Relationship _____
Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
■ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

■ Other  **Hydrocarbons need to be removed**

Where is the property?  **1 Estate Hope**
**Christiansted, VI, 00820-0000**
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
■ Yes.  Insurance agency  **Global Risk Management/Marsh USA, Inc.**
Contact name  **Robert P. Lopez, CRIS**
Phone  **617-385-0390**

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
■ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **Limetree Bay Refining, LLC**  Case number (*if known*) _____
      Name

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ■ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

Debtor **Limetree Bay Refining, LLC**   Case number (*if known*) _____
       Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 12, 2021**
              MM / DD / YYYY

**X** **/s/ Mark Shapiro**                                    **Mark Shapiro**
    Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**X** **/s/ Elizabeth A. Green - So. Dist. Fed ID 903144**    Date **July 12, 2021**
    Signature of attorney for debtor                               MM / DD / YYYY

**Elizabeth A. Green - So. Dist. Fed ID 903144**
Printed name

**Baker & Hostetler LLP**
Firm name

**200 S. Orange Avenue**
**Suite 2300**
**Orlando, FL 32801**
Number, Street, City, State & ZIP Code

Contact phone  **407-649-4000**    Email address  **egreen@bakerlaw.com**

**#903144 TX**
Bar number and State

Official Form 201            **Voluntary Petition for Non-Individuals Filing for Bankruptcy**            page 5

Debtor  **Limetree Bay Refining, LLC**               Case number (*if known*) _____
        Name

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number (*if known*) _____    Chapter   **11**

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Limetree Bay Refining Holdings II, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **Limetree Bay Refining Holdings, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **Limetree Bay Refining Marketing, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **Limetree Bay Refining Operating, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **Limetree Bay Services, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |

# United States Bankruptcy Court
## Southern District of Texas

In re    **Limetree Bay Refining, LLC**            Case No.
                               Debtor(s)        Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Limetree Bay Refining Holdings II, LLC | | | 100% ownership interest |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **July 12, 2021**                        Signature    **/s/ Mark Shapiro**
                                                                                 **Mark Shapiro**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Southern District of Texas

In re   **Limetree Bay Refining, LLC**                                        Case No.
                                    Debtor(s)                                 Chapter   **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Limetree Bay Refining, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

   **Limetree Bay Refining Holdings II, LLC**

☐ None [*Check if applicable*]

**July 12, 2021**                                          **/s/ Elizabeth A. Green - So. Dist. Fed ID 903144**
Date                                                       **Elizabeth A. Green - So. Dist. Fed ID 903144**
                                                           Signature of Attorney or Litigant
                                                           Counsel for   **Limetree Bay Refining, LLC**
                                                           **Baker & Hostetler LLP**
                                                           **200 S. Orange Avenue**
                                                           **Suite 2300**
                                                           **Orlando, FL 32801**
                                                           **407-649-4000 Fax:407-841-0168**
                                                           **egreen@bakerlaw.com**

Fill in this information to identify the case:

Debtor name: **Limetree Bay Services, LLC., et al.**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number (if known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: CONSOLIDATED List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Universal Plant Services, (VI), LLC 806 Seaco Court Deer Park, TX 77536 | 1-281-479-6000 remittance@universalplant.com | Trade Debt (Construction Lien filed 6/15/2021) | Disputed | | | $24,423,282.42 |
| Excel Construction & Maintenance VI 8641 United Plaza Blvd. Baton Rouge, LA 70809 | 1-225-408-1300 wbyrd@excelusa.com | Trade Debt (Construction Lien filed 6/2021) | Disputed | | | $22,325,200.82 |
| Elite Turnaround Specialists 225 S.16th Street LaPorte, TX 77571 | 281-867-1125 AR@eliteturnaround.com | Trade Debt | | | | $15,330,475.03 |
| BP Oil Supply 501 Westlake Park Blvd Houston, TX 77079 | | Trade Debt | Disputed | | | $13,367,887.38 |
| Inserv Field Services USVI LLC 1900 N 161st East Avenue Tulsa, OK 74116 | 918-234-4150 ar@inservusa.com | Trade Debt (Construction Lien filed 5/12/2021) | | | | $12,625,547.64 |
| National Industrial Services, LLC PO Box 1545 Kingshill, St. Croix VI 00851 | 340-277-1071 sjagrup@nisstx.com | Trade Debt | | | | $12,052,033.76 |

Official form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured claims   page 1

| Debtor | **Limetree Bay Services, Inc., et al.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Vivot Equipment Corporation<br>9010 Estate Cottage<br>Christiansted, VI 00820 | 370-713-1100<br>ar@vivot.vi | Trade Debt (Construction Lien filed 6/21/2021) | Disputed | | | $9,692,396.67 |
| Cust-O-Fab, LLC<br>8888 West 21st Street<br>Sand Springs, OK 74063 | 918-245-6685<br>mwood@custofab.com | Trade Debt (Construction Lien filed 6/22/2021) | | | | $5,253,834.87 |
| Versa Integrity Group, Inc.<br>4301 Hwy 27 South<br>Sulphur, LA 70665 | 337-558-6071<br>payments@versaintegrity.com | Trade Debt | Disputed | | | $4,196,472.15 |
| Altair Strickland V.I., LLC<br>1605 S. Battleground Road<br>La Porte, TX 77571 | 281-478-6200<br>rramirez@altairstrickland.com | Trade Debt (Construction Lien filed 5/14/2021) | Disputed | | | $4,106,717.19 |
| Christiansted Equipment Ltd.<br>PO Box 368<br>Christiansted, St Croix, VI 00820 | tmoore@fmmafco.com | Trade Debt (Construction Lien filed 7/2021) | | | | $3,159,175.11 |
| Dresser-Rand Company<br>100 E. Chemung St<br>Painted Post, NY 14870 | 716-375-3000<br>yric.scott.ext@siemens.com | Trade Debt | | | | $3,065,097.49 |
| Pinnacle Services, LLC<br>6002 Diamond Ruby<br>Christiansted, VI 00820 | canderson@pinnaclevi.com | Trade Debt | | | | $2,986,320.12 |
| Savage St. Croix, LLC<br>Dept. 418<br>Salt Lake City, UT 84130 | 1-801-944-6655<br>accountsreceivable@savageservices.com | Trade Debt | | | | $2,936,593.60 |

| Debtor | **Limetree Bay Services, Inc., et al.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **V.I. Industrial Services, LLC**<br>PMB #6002 Est. Diamond Ruby<br>Christiansted, VI 00820 | 561-267-7138<br>mhenry@viisllc.com | Trade Debt (Construction Lien filed 6/21/2021) | Disputed | | | $2,891,802.30 |
| **Worley Pan American**<br>5995 Rogerdale Road<br>Houston, TX 77072 | 1-832-351-6000<br>dave.wyvill@worley.com | Trade Debt (Construction Lien filed 6/24/2021) | | | | $2,630,761.00 |
| **Analytic Stress Relieving, Inc.**<br>3118 W. Pinhook Road<br>Lafayette, LA 70505 | 337-237-8790<br>sarah@analyticstress.com | Trade Debt | | | | $1,864,538.62 |
| **Baker Hughes Oilfield Operations, Inc.**<br>PO Box 301057<br>Dallas, TX 75303-1057 | 281-276-5400<br>arcccashapplication@bakerhughes.com | Trade Debt | | | | $1,762,761.01 |
| **Complan USA LLC**<br>16417 Squyres Road<br>Spring, TX 77379 | 281-957-5777<br>jfuhrman@complan.net | Trade Debt (Construction Lien filed 7/7/2021) | | | | $1,689.410.13 |
| **Coral Management Group LLC**<br>435 N. 2nd Street<br>Lewiston, NY 14092 | 716-754-5400<br>mwurst@wtsonline.com | Trade Debt | | | | $1,634,277.00 |
| **Reactor Resources LLC**<br>3000 FM 517 W.<br>Alvin, TX 77511 | 1-832-544-1163<br>accounts@reactor-resources.com | Trade Debt | | | | $1,544,407.79 |
| **Intertek USA, Inc.**<br>200 Westlake Park Blvd, Suite 400<br>Houston, TX 77079 | 1-713-543-3600<br>receivables@intertek.com | Trade Debt | | | | $1,508,767.76 |
| **Dynamic Innovative Corporation**<br>306 Williams Delight<br>Frederiksted, VI 00840 | jsamuel@dynamicorpvi.com | Trade Debt | | | | $1,408,232.41 |

Debtor  **Limetree Bay Services, Inc., et al.**                         Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Sedgwick Claims Mgmt. Services, Inc.** 1833 Centre Point Circle Suite 139 Naperville, IL 60639 | 630-245-7000 Roland.Riviere@sedgwick.com | Trade Debt | | | | $1,155,000.00 |
| **Englobal U.S. Inc.** 225 Portwall Street Houston, TX 77029 | 281-831-0534 rocky.medina@englobal.com | Trade Debt | | | | $1,148,092.17 |
| **Flowserve US Inc.** 4179 Collections Center Drive Chicago, IL 60693 | 205-657-1918 creditcentral@flowserve.com | Trade Debt | | | | $1,079,400.67 |
| **Rockwell Automation Puerto Rico, Inc.** Calle 1 Metro Office 6, Suite 304 Guayabo, PR 00968 | 1-787-300-6200 dbromme@ra.rockwell.com | Trade Debt | | | | $1,046,534.14 |
| **Stroock & Stroock & Lavan LLP** 180 Maiden Lane New York, NY 10038-4982 | 1-212-806-5400 dazrilen@stroock.com | Legal Fees | | | | $1,045,427.65 |
| **Gibson, Dunn & Crutcher LLP** 811 Main Street Houston, TX 77002 | 1-213-229-7333 cbilling@gibsondunn.com | Legal Fees | | | | $1,010,485.57 |
| **Control Associates Caribe** 475 Street C Guayabo, PR 00969-4272 | 787-783-9200 plee@control-associates.com | Trade Debt | | | | $982,846.19 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Limetree Bay Refining, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration   **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 12, 2021**          X **/s/ Mark Shapiro**
                                               Signature of individual signing on behalf of debtor

                                               **Mark Shapiro**
                                               Printed name

                                               **Chief Restructuring Officer**
                                               Position or relationship to debtor

*Execution Version*

# ACTION BY WRITTEN CONSENT OF
# THE BOARD OF MANAGERS AND INDEPENDENT MANAGER OF
# LIMETREE BAY REFINING, LLC

### July 9, 2021

Rick Caplan, R. Blair Thomas, Sami Waqar, and Shalin Parikh (each, a "Manager" and, collectively, the "Board"), being the Managers of Limetree Bay Refining, LLC, a U.S. Virgin Islands Limited Liability Company (the "Company"), hereby vote for, adopt, approve, and consent to the following resolutions by written consent and take the following actions with the same force and effect as if such resolutions had been duly adopted and such actions duly taken at a meeting of the Board of Managers of the Company called and convened for such purpose as of the date first set forth above, with full quorum present and acting throughout, and Steven J. Pully (the "Independent Manager"), having been appointed as Independent Manager and empowered to act on behalf of the Company with respect to certain "Conflict Matters" (as defined in the Action by Written Consent dated July 4, 2021 (the "Action")), does hereby consent to the adoption of the below resolutions, effective as of the first date written above:

### Authorized Persons

**WHEREAS**, pursuant to the Action, the authority to act on behalf of the Company with respect to Conflict Matters (as defined in the Action) has been delegated to the Independent Manager.

**NOW, THEREFORE, BE IT RESOLVED**, that, for the purposes of the following resolutions, the officers of the Company and their delegates, if any, shall be "Authorized Officers" empowered to act with respect to matters that are not Conflict Matters.

**FURTHER RESOLVED**, that, for the purposes of the following resolutions, Steven J. Pully and his delegates (including any Authorized Persons to the extent determined by Mr. Pully), if any, shall be "Authorized Independent Persons" (together with the Authorized Officers, the "Authorized Persons") empowered to act with respect to Conflict Matters, and nothing herein shall derogate or limit the authority delegated to the Independent Manager by the Action.

### Chapter 11 Filing and Retention of Professionals

**WHEREAS,** the Board has considered, among other things, the financial and operational condition of the Company and the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, the liquidity situation of the Company, the strategic alternatives available to it, the effect of the foregoing on the Company's business, and the advice of management and the Company's legal advisors and the Independent Manager.

**WHEREAS**, the Company has had the opportunity to consult with the management and legal advisors of the Company and the Independent Manager and to fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (together with the chapter 11 cases of the Company's affiliates, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**FURTHER RESOLVED**, that the Authorized Officers and Authorized Independent Persons, as applicable, be, and each of them hereby are, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

**FURTHER RESOLVED**, that the Company and each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized, directed, and empowered, on behalf of the Company, to employ the law firm of Baker & Hostetler LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Baker & Hostetler LLP.

**FURTHER RESOLVED**, that the Company and each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized, directed, and empowered, on behalf of the Company, to employ B. Riley Financial, Inc. as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of B. Riley Financial, Inc.

**FURTHER RESOLVED**, that the Company and each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized, directed, and empowered, on behalf of the Company, to employ [BMC Group, Inc.] as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BMC Group, Inc.

**FURTHER RESOLVED**, that each of the Authorized Officers and Authorized Independent Persons, as applicable, be, and they hereby are, authorized and directed to employ

2

any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

### Debtor-in-Possession Financing

**WHEREAS**, the Company requires immediate access to additional liquidity.

**WHEREAS**, the Company, through the Independent Manager and Chief Restructuring Officer, has engaged with multiple potential lenders in the solicitation and negotiation of terms of a superpriority debtor-in-possession term loan facility (each, collectively including any related term sheets, credit agreements, security agreements, interim and final orders, and other related documents, a "Proposed DIP Credit Agreement"), which would be used to fund the operations of the Company and its affiliates that are debtors and debtors in possession in the ordinary course, fund the administration of the Chapter 11 Cases, and pay the claims of certain vendors, employees, tenants, and other stakeholders in the ordinary course of business during the Chapter 11 Cases.

**WHEREAS**, the Independent Manager has been advised of the material terms of the Proposed DIP Credit Agreements.

**NOW, THEREFORE, BE IT RESOLVED**, that the Independent Manager is authorized and empowered on behalf of the Company to finalize, execute, and deliver the Proposed DIP Credit Agreement that the Independent Manager selects as being in the best interests of the Company, its creditors, and other parties in interest (such Proposed DIP Credit Agreement, the "DIP Credit Agreement").

**FURTHER RESOLVED**, that the Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved.

**FURTHER RESOLVED**, that each of the Authorized Officers and Authorized Independent Persons, as applicable, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take such actions as in its discretion is determined to be necessary, desirable, proper, or advisable to give effect to these resolutions and to negotiate, execute, deliver, file, perform, and cause the performance of the DIP Credit Agreement, the transactions contemplated thereby, and any and all other documents, certificates, instruments, real estate filings, recordings, security assignments, agreements, intercreditor agreements, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Cases, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions thereof (collectively with the DIP Credit Agreement, the "Financing Documents") necessary to consummate the transactions contemplated by the DIP Credit Agreement, including providing for adequate protection to the Company's existing secured lenders in accordance with section 363 of the Bankruptcy Code, in the form approved, with such changes therein and

modifications and amendments thereto as any of the Authorized Officers or Authorized Independent Persons, as applicable, may in their sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Officers or Authorized Independent Persons, as applicable, is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

**FURTHER RESOLVED**, that each of the Authorized Officers and Authorized Independent Persons, as applicable, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Officer or Authorized Independent Person, as applicable, may in their sole and absolute discretion approve.

**FURTHER RESOLVED**, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

**FURTHER RESOLVED**, that each of the Authorized Officers and Authorized Independent Persons, as applicable, be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**FURTHER RESOLVED**, that the Independent Manager hereby ratifies and confirms all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

### General

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Officers and Authorized Independent Persons, as applicable, be, and hereby is, authorized and directed to do and perform all such other acts, deeds and things and to make, negotiate, execute, deliver and file, or cause to be made, negotiated, executed, delivered and filed, all such agreements, undertakings, documents, plans, instruments, certificates, registrations, notices or statements as such Authorized Person may deem necessary or advisable to effectuate or carry out fully the purpose of the foregoing resolutions, and the taking of such actions or the execution of such documents by any such Authorized Person shall be conclusive evidence that such Authorized

5

Person deems such action or the execution and delivery of such document to be necessary or advisable and to be conclusive evidence that the same is within the authority conferred by the resolutions herein, and that any and all actions taken heretofore and hereafter to accomplish such purposes, all or singular, be, and they hereby are, approved, ratified and confirmed, provided that nothing herein authorizes an Authorized Officer to act on a Conflict Matter without delegation from the Independent Manager.

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the resolutions herein, as may be required by the organizational documents the Company, or hereby waive any right to have received such notice.

**FURTHER RESOLVED**, that this written consent may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument, and that this written consent may be delivered via facsimile or electronic transmission with the same force and effect as if it had been delivered manually.

**FURTHER RESOLVED**, that the Board hereby ratifies and confirms all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

[*Remainder of Page Intentionally Left Blank*]

**IN WITNESS WHEREOF,** the undersigned Managers and Independent Manager of the Company have executed this Action by Written Consent of the Board of Managers and Independent Manager of Limetree Bay Refining, LLC as of and effective on July 9, 2021.

_____
Rick Caplan

_____
R. Blair Thomas

_____
Steven J. Pully, as Independent Manager

[Signature Page to Action by Written Consent]

4830-6195-9921.1

**IN WITNESS WHEREOF,** the undersigned Managers and Independent Manager of the Company have executed this Action by Written Consent of the Board of Managers and Independent Manager of Limetree Bay Refining, LLC as of and effective on July 9, 2021.

_____
Rick Caplan

_____
R. Blair Thomas

*Steven J Pully* _____
Steven J. Pully, as Independent Manager

[Signature Page to Action by Written Consent]

4830-6195-9921.1